UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARKETFARE ANNUNCIATION, LLC,          CIVIL ACTION
ET AL.

VERSUS                                 NO: 06-7232

UNITED FIRE & CASUALTY                 SECTION: "J" (4)
COMPANY, ET AL.


This Document applies to the following civil actions in the
Eastern District of Louisiana: Nos. 06-7232, 06-7639, 06-7641,
06-7643, 06-7644.

**ORDER AND REASONS**

Before the Court are motions to remand the above-listed
cases. The motions are opposed. The cases were transferred to
this section because they all involve related parties, claims,
and legal issues. For the following reasons, the Court finds that
the motions should be denied.


**BACKGROUND**

The plaintiffs in these cases operated supermarkets, called
Robért Fresh Market, located at various addresses in and around
New Orleans. Hurricane Katrina and its aftermath damaged

plaintiffs' businesses. Plaintiffs sought payment under their insurance policies for the damages. After several months of negotiation, plaintiffs were offered far less than they thought they were owed. Plaintiffs filed suits in state courts against two insurance companies to recover for breach of the insurance contracts covering the businesses, and for breach of the statutory duties created by La. R.S. §§ 22:1220 and 22:658.

One insurance company named as a defendant, United Fire & Casualty Company is organized and has its principal place of business in Iowa. The other insurance company defendant, Lafayette Insurance Company, is a Louisiana company. In addition to the insurance companies, plaintiffs sued entities and numerous individuals who were involved in adjusting their claims. Some of the individuals reside in Louisiana and the others' places of residence are unknown.

Several of the defendants removed the cases to this Court alleging federal jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332, and based on the Multiparty, Multiforum Trial Jurisdiction Act of 2002 (MMTJA), 28 U.S.C. § 1369, and its removal provision 28 U.S.C. § 1441(e)(1). Upon removal, the various cases were allotted to different sections before being transferred to this section. One related case, 06-7405, was remanded before the decision to transfer was reached.

Plaintiffs move to remand based upon the joinder of Lafayette Insurance Company as a possible insurer of the businesses and the joinder of in-state adjusters ("adjuster defendants") who allegedly conspired to refuse or delay payment of insurance proceeds. Plaintiffs argue that the presence of these in-state defendants destroys diversity. Plaintiffs also argue that the MMTJA does not create federal jurisdiction in this case.

**LEGAL STANDARDS**

*A. Motion to Remand*

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). A defendant can remove a state action to federal court based on original diversity jurisdiction unless a properly joined defendant is a citizen of the state where the action was brought. 28 U.S.C. § 1441(b).

The removing party bears the burden of establishing that federal jurisdiction exists at the time of removal. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The

3

jurisdictional facts supporting removal are examined as of the time of removal. *Id.* If at any time before final judgment it appears that this Court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c). Ambiguities are construed against removal and in favor of remand because removal statues are to be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

*B. Improper Joinder*

A properly joined in-state[1] defendant will prevent removal, whereas an improperly joined in-state defendant will not. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the in-state party in state court. *Id.* To establish improper joinder where there is no allegation of actual fraud the defendant must demonstrate that there is no possibility of recovery by the plaintiff against any in-state defendant. *Id.* A mere theoretical possibility of recovery is not sufficient to

---

[1] The term "in-state" is being used throughout this opinion to describe a defendant who is a citizen of the state where the action was brought, preventing removal under 28 U.S.C. § 1441(b), as well as a defendant who would be non-diverse from a plaintiff, destroying original jurisdiction under 28 U.S.C. § 1332(a). In these cases, Louisiana citizenship would do both.

preclude a finding of improper joinder. *Id.* A court should ordinarily resolve the issue by conducting a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants. *Id.* Where a plaintiff has stated a claim, but has misstated or omitted discrete and undisputed facts that would preclude recovery, the Court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Id.* at 573-74.

The party seeking removal bears a heavy burden of proving improper joinder. *Id.* at 574. In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

## DISCUSSION

*A. Insurance Contract Claims*

In each case, plaintiffs have pleaded damages arising from the existence of a specific insurance policy covering the business at that location. In each case, plaintiffs have pleaded that United Fire & Casualty and/or Lafayette Insurance provided

5

the pertinent policy. Thus, on the face of the petitions Plaintiffs have pleaded a theory of recovery, in the alternative, against in-state defendant Lafayette Insurance Company. However, in opposing remand defendants have attached to their oppositions copies of the declarations pages for the policies cited in the petitions. These policies were issued by United Fire & Casualty.

Even in a 12(b)(6)-type analysis the Court can consider as part of the pleadings documents "upon which [plaintiffs] relied in bringing the suit". *Fin. Acquisition Partners v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006). In addition, the identity of the insurer is exactly the type of discrete fact that warrants a limited piercing of the pleadings.[2] Plaintiffs could easily dispute defendants' assertions if they were not true. The Court finds it appropriate to consider the declarations pages in determining whether Lafayette Insurance Company was properly joined in each case.

Based on the insurance policies attached to defendants' oppositions, the Court makes the following conclusions.

Lafayette Insurance did not provide Policy No. 85211336 sued

---

[2] *Smallwood v. Illinois Cent. R.R.*, 385 F.3d 568, 574 n.12 (5th Cir. 2004) provides the following examples of appropriately discrete facts: "For example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true."

upon in 06-7639, *Marketfare N. Broad v. United Fire & Casualty*.
Lafayette Insurance did not provide Policy No. 85211335 sued upon
in 06-7641, *Marketfare St. Claude v. United Fire & Casualty*.
Lafayette Insurance did not provide Policy No. 85211337 sued upon
in 06-7643, *Marketfare Canal v. United Fire & Casualty*.[3]
Lafayette Insurance did not provide Policy No. 85029858 sued upon
in 06-7644, *M.L. Robért, II v. United Fire & Casualty*. Lafayette
Insurance did not provide Policy No. 85211338 or Policy No.
85211339 sued upon in 06-7232 *Marketfare Annunciation v. United
Fire & Casualty*.[4] Because Lafayette Insurance did not issue the
policies and is not a party to the contracts in these cases,
there is no possibility that plaintiffs can recover against it
under the contracts. Lafayette Insurance was improperly joined in
these claims as an "insurer defendant", and its joinder does not
preclude federal jurisdiction over the claims.

_____

[3] The declarations page for Policy No. 85211337 is actually
attached to the oppositions in 06-7232 and 06-7644. It is not at
issue in those cases. The Court will consider the document as
part of the petition that cites it, even though it was
incorrectly filed in the record in the wrong cases.

[4] Defendants attached a copy of the declaration sheet for
Policy No. 85211338, covering the store, but not for Policy No.
85211339, covering the corporate offices. Because the missing
corporate offices policy is identified by the next number in the
series of eight digit numbers representing the store policies,
the preponderance of the evidence supports the inference that
United Fire & Casualty issued the corporate offices policy as
well. Should this inference prove false, 06-7232 may be remanded
at a later date.

    B. *Civil Conspiracy Claims*

    The other theory of recovery alleged by Plaintiffs is civil
conspiracy. Plaintiffs argue that they have stated a valid cause
of action under Louisiana Civil Code article 2324 against every
defendant, including the in-state defendants, for civil
conspiracy. Plaintiffs claim that the adjuster defendants hired
by Plaintiffs' insurer "conspired with the Insurer Defendants to
refuse and/or delay the payment of insurance proceeds in an
arbitrary, capricious and without probable cause manner," which
renders all the defendants solidarily liable for damages pursuant
to the insurance contract as well as damages, attorney's fees,
and interest pursuant to La. R.S. §§ 22:1220 and 22:658.
(Petitions ¶¶ XXIX and XXX.)

    Under article 2324(A), "[h]e who conspires with another
person to commit an intentional or willful act is answerable, in
solido, with that person, for the damage caused by such act."
Plaintiffs argue that "in the present case, the 'unlawful act' is
the persistent refusal and/or delay in the adjustment and/or
payment of insurance proceeds" in violation of La. R.S. §§ 22:658
and 22:1220. (Pls' Memos. in Support of Remand at 10.) Plaintiffs
cite *Chrysler Credit Corp. v. Whitney Nat. Bank*, 51 F.3d 553 (5th
Cir. 1995) and *Metal Bldg. Components v. Gibson Roofers*, 1999 WL
225453 (E.D. La. 1999) in support of the proposition that

Louisiana recognizes a cause of action for civil conspiracy to commit an unlawful act.

Article 2324 is located in Book III, Title V, Chapter 3 of the Louisiana Civil Code, the chapter dealing with torts. Indeed, article 2324 goes on in subsections (B) and (C) to discuss the liability of joint tortfeasors who have not conspired. Actions for breach of contract agreements are covered in a different part of the code, and nothing has been brought to this Court's attention to suggest that article 2324 should apply to actions on obligations that arise by the agreement of the parties. Both cases cited by Plaintiffs indicate that parties must conspire to commit a tort in order to be liable to another under a civil conspiracy theory. The Fifth Circuit has instructed that "[t]he unlawful act is tortious conduct." *Chrysler Credit Corp. v. Whitney Nat. Bank*, 51 F.3d 553, 557 (5th Cir. 1995) (citing *Cust v. Item Co.,* 8 So. 2d 361 (La. 1942), *overruled in part by, 9 to 5 Fashions Inc. v. Spurney,* 538 So. 2d 228 (La. 1989)). "Thus, the cause of action is for the underlying tort, not for the conspiracy itself." *Metal Bldg. Components v. Gibson Roofers*, 1999 WL 225453, *14 (E.D. La. 1999); *see also Thomas v. North 40 Land Development*, 894 So. 2d 1160, 1174 (La. App. 4th Cir. 2005) ("The actionable element of a conspiracy claim is not the conspiracy itself; rather, it is the tort that the conspirators

9

agree to perpetrate and actually commit in whole or in part.
Simply stated, the unlawful act is the tortious conduct.").
*Chrysler Credit Corp.* dealt with accusations of fraud, and *Metal
Building Components* dealt with accusations of fraud and
conversion. Neither case supports Plaintiffs' theory that
adjustors and insurers can be liable for conspiring to breach an
insurance contract or for conspiring to violate Louisiana's
Insurance Code.

    This Court has had numerous occasions recently to make clear
that Louisiana law does not recognize a cause of action against
an adjustor for improperly adjusting a claim. *See, e.g., Rosinia
v. Lexington Ins. Co.*, 2006 WL 3141247 (E.D.La. Oct. 31, 2006),
and cases collected therein. Adjustors hired by insurers to
adjust claims typically owe no duty to the insureds. *Id.* Without
an allegation of a separate underlying offense, the cause of
action for improper adjustment and payment of claims is against
the insurer. *Id.* Plaintiffs have not alleged a separate,
underlying tort in their petition. Without an underlying tort,
they cannot state a cause of action for civil conspiracy and have
no possibility of recovery based on such a theory in a state
court. Any liability for wrongly delaying or refusing payment on
the insurance claims lies with United Fire & Casualty, which
issued the policies. Therefore the adjustor defendants were

10

improperly joined, and their presence does not preclude federal
jurisdiction.

The parties properly joined in these actions are the
Louisiana plaintiffs and United Fire & Casualty.

*C. Jurisdictional Amount*

In order to establish this Court's original jurisdiction
under 28 U.S.C. § 1332(a), complete diversity of the parties is
not sufficient; there must also be more than $75,000 in
controversy, exclusive of interests and costs. Where the petition
does not specify an amount of damages, the removing defendant
must prove by a preponderance of the evidence that the amount in
controversy exceeds $75,000. *Simon v. Wal-Mart Stores, Inc.*, 193
F.3d 848, 850 (5th Cir. 1999). The defendant can either
demonstrate that it is "facially apparent" that the claims are
likely above $75,000, or may set forth facts in controversy that
support a finding of the requisite amount. *Id.*

Defendants allege in the Notices of Removal in all cases but
one that "[o]n information and belief, and based on the
allegations of plaintiffs' Petition for Damages, the amount in
controversy exceeds $75,000 exclusive of interest and costs." In
one case, 06-7232 covering the Annunciation Street properties,
defendants omitted the allegation of the jurisdictional amount.
In every case, defendant attached the petition to the Notice of

11

Removal.

Regarding the omitted allegation of jurisdictional amount in 06-7232, 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." After the expiration of the 30-day period for removal, a notice of removal may be amended to set forth more specifically the jurisdictional grounds for removal that were imperfectly stated in the original notice. *See D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir. 1979) (affirming district court's allowance to amend removal petition to allege citizenship properly); *see also, Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 310 n.2 (5th Cir. 2002) (referring to the jurisdictional facts alleged in plaintiff's petition as obviating need to correct defective notice of removal); *Firemen's Ins. Co. v. Robbins Coal Co.*, 288 F.2d 349, 350 (5th Cir. 1961) (allowing petition to be amended at the appellate level to properly state citizenship of parties). Defendants in 06-7232 clearly allege diversity jurisdiction as a basis for removal in the notice, and the Court will allow them to correct the omission of the amount in controversy by reference to the petition attached to the notice.

In order to carry their burden of proving the jurisdictional amount, defendants rely on the face of the petitions. These cases

involve extensive damage to the property and business operations of major local supermarkets. The Court finds it apparent from the face of the petitions that the jurisdictional amount is met.

The Court notes that, although every other case has policy limits of one million dollars or more, Policy No. 85211336 covering the premises at 300 North Broad Street at issue in Case 06-7639 apparently has a policy limit of $50,000. However, the Plaintiffs seek not only "damages up to the limits of coverage contained in said policy," (Doc. 1 attach. 1 ¶ XIII, Case 06-7639) but also damages resulting from the refusal to adjust their claim, and "the maximum penalties allowed under Louisiana Revised Statutes §§ 22:1220 and 22:658."[5] (*Id.* ¶ XXVII.) Louisiana Revised Statutes section 22:1220 allows recovery of any general and special damages resulting from the breach of an insurer's duty of good faith and fair dealing, and, in addition, the award

---

[5] Plaintiffs also seek attorney's fees. Before August 15, 2003 attorney's fees were available for arbitrary and capricious failure to pay a proven claim under La. R.S. § 22:658. Legislative Acts of 2003, No. 790 § 1 increased the penalty available from ten to twenty-five percent of the amount due and eliminated the attorney's fee provisions effective August 15, 2003. Legislative Acts of 2006, No. 813 § 1 further increased the penalty from twenty-five to fifty percent and reintroduced the availability of attorney's fees and costs effective August 15, 2006. Because Plaintiffs' petition was filed on August 24, 2006, and alleges failure to tender proceeds "from September 2005 through the present," (Petition ¶ XVIII,) it is not entirely clear whether attorney's fees are available. Therefore, the Court does not consider attorney's fees in determining the jurisdictional amount.

of a penalty up to twice the amount of damages. The amount of damages claimed to result from delaying the recovery of Plaintiffs' business for over a year have not been specified, but without question they could far exceed the $25,001 needed to meet the jurisdictional amount. Whatever the damages are, a penalty of double that amount may also be awarded. When the aggregate of the policy amount, the amount of damages, and the amount of penalties is considered, the Court is satisfied that the jurisdictional amount in controversy has been met, even in relation to the store on North Broad Street.

CONCLUSION

Having determined that the in-state defendants were improperly joined, the Court is satisfied that there is complete diversity among the parties properly joined in each case. Original jurisdiction exists under 28 U.S.C. § 1332(a). Because no properly joined defendant is a Louisiana citizen, removal was proper under 28 U.S.C. § 1441(b). It is apparent from the face of the petitions that the jurisdictional amount is met in each case.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand in 06-7232 (Doc. 3) is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand in

14

06-7641 (Doc. 6) is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand in 06-7643 (Doc. 2) is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand in 06-7644 (Doc. 2) is **DENIED**;

**IT IS FURTHER ORDERED** that the above matters are hereby consolidated.

Pursuant to the Court's directive, all pleadings hereafter filed in this consolidated proceeding shall bear the caption of the lead consolidated case (06-7232) together with the docket number of all cases within the consolidation to which the document applies or the notation "ALL CASES" if it applies to all cases.

The clerk of court is directed to establish a master file and a master docket sheet for the consolidated group of cases.

All entries shall be made on the master docket sheet only, with a notation listing the cases to which the document applies, except that orders and documents terminating a party or disposing of a case will also be entered on the individual docket sheet. All documents shall be filed in the master file only, except that orders and documents terminating a party or disposing of a case will also be filed in the record of the individual case.

In the event that a case is separated from the consolidated

15

group it shall be the responsibility of counsel to jointly
designate the documents necessary to the continued litigation of
the case and to file such designation and copies of the
documents.

New Orleans, Louisiana this the 19th day of December, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

16